IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNULFO NINO, | ) | |
| ID # 37695-079, | ) | |
|     Movant, | ) | No. 3:08-CV-1785-G (BH) |
| vs. | ) | No. 3:93-CR-0359-G |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |
| | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Movant, an inmate currently incarcerated in a federal prison facility, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Respondent is the United States of America.

On April 15, 1994, a jury convicted movant of conspiracy to possess with intent to distribute five kilograms or more of cocaine and use of a telephone to facilitate a drug trafficking offense. On June 18, 1994, the Court sentenced him to 260 months imprisonment. His conviction and sentence were affirmed on direct appeal. *See United States v. Nino*, No. 94-10625 (5th Cir. Dec. 15, 1995). On June 19, 1998, movant filed a motion to vacate pursuant to 28 U.S.C. § 2255 challenging his conviction, and the District Court denied the motion as time-barred on July 10, 1998. *See United States v. Nino*, No. 3:98-CV-1427-G (N.D. Tex. Jul. 10, 1998), *COA denied*, No. 98-10866 (5th Cir. Mar. 12, 1999). On May 31, 2002, movant filed a second § 2255 motion alleging that his due process rights were violated because he did not receive timely notice that a prior conviction would

be used for enhancement purposes. *United States v. Nino*, No. 3:02-CV-1137-G (N.D. Tex. Jun. 10, 2002). The District Court denied the motion pending review by the Fifth Circuit on June 28, 1998. *See Id.* (N.D. Tex. Jun. 28, 2002). On October 7, 2008, movant filed this motion asserting four claims of ineffective assistance of counsel during trial, two claims of denial of due process based on prosecutor misconduct, and a claim of newly discovered exculpatory evidence which the prosecutor failed to disclose.

Because movant has filed prior § 2255 motions, the Court must determine whether this motion is second or successive within the meaning of § 2255.

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a federal prisoner may file a second or successive motion to vacate in federal court. Under Fifth Circuit precedent, "a subsequent motion is 'second or successive' when it: '1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

In this instance, movant has filed two prior motions challenging his federal conviction. Under *Orozco-Ramirez,* movant was required to present all available claims related to his conviction in his initial motion to vacate:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle.

2

> The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant claims that his attorneys rendered ineffective assistance of counsel at trial, that he was denied due process based on prosecutor misconduct, and that he has newly discovered exculpatory evidence that the prosecutor failed to disclose. Nothing prevented movant from raising his claims of ineffective assistance of counsel and denial of due process in his prior motion to vacate. Although movant could not have raised his last claim of newly discovered evidence in his prior motion, such claim does not affect the successive nature of the instant motion to vacate. *See Gaines v. Dretke*, No. 3:04-CV-1185-D, 2005 WL 1540192, at *3-4 (N.D. Tex. June 30, 2005) (findings, conclusions, and recommendation), *accepted by* 2005 WL 1799518 (N.D. Tex. July 27, 2005). Because the instant action raises claims that movant could have raised in his first motion to vacate, the instant action is successive within the meaning of 28 U.S.C. § 2255.

Accordingly, movant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). A three-judge panel of the court of appeals must first determine whether this Court should consider the instant motion. *Id.* § 2244(b)(3)(B). The panel will authorize the filing of a second or successive motion only upon a *prima facie* showing that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See id.* §§ 2244(b)(3)(C), 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the instant successive motion to vacate. Movant must obtain such an order before filing the motion in this Court.

Although the Court may appropriately dismiss the instant successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it may also transfer the successive motion to the Fifth Circuit for a determination of whether movant should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive motion to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a transfer to the Fifth Circuit appears appropriate.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant motion to vacate filed pursuant to 28 U.S.C. § 2255 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 27th day of October, 2008.**

_____
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE